· JAMES SHANNON et al., appellants,

*v.*

MARY SHANNON et al., respondents.

[Decided October 17th, 1927.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Buchanan, who filed the following opinion:

"The bill is filed for the construction of the will of Michael B. Shannon, deceased.

"The will gives the residuary estate to testator's wife for life, and then proceeds:

" 'At the decease of my said wife my estate &ast; &ast; &ast; shall be divided among my surviving children or their heirs, share and share alike. Proviso. If my wife dies before I do &ast; &ast; &ast; my estate &ast; &ast; &ast; shall be equally divided among my surviving children or their heirs, share and share alike.'

"The will was drafted by a justice of the peace of Pennsylvania and executed in 1905. At that time testator had four children—Thomas, Michael, James and Jennie—none of whom were married. [There had been only one other child, who had died in infancy.]

"Thomas died in 1915, unmarried. Michael died in 1918, leaving a widow and four children [the present defendants]. Testator died in 1920, and his widow died in 1923. The other two children, James and Jennie, are the present complainants.

"They claim the entire estate; the defendants claim one-third, as the 'heirs' of the deceased son Michael.

"I am satisfied the interpretation contended for by defendants is the correct one. Testator uses the same language in each instance—both with reference to the time of his own death and the time of the death of the life-tenant—'my surviving children or their heirs.' Literally the property is left 'to those of my children who survive me, or to the heirs of those of my children who survive me.' Obviously, the will does not mean that. Children who survive have no heirs or next of kin. For the same reason it cannot mean that the division is to be among the surviving children 'and' the heirs or next of kin of the same surviving children.

"Nor is the word 'heirs' used to indicate the quality of the estate given. The use of the word 'or' contra-indicates that. True, the word 'or' may be construed 'and,' where it is clear that such was the meaning of the testator; but that is not the case here. There is nothing to indicate any intent to prefer or to exclude; all four children were equally the possible recipient's of testator's bounty. He could not know

which would die and which would survive. Possibly all might die. In that event who would take under this will?

"It seems clear that testator meant that the distribution was to be among those children who survived and the 'heirs' of any child who might have died, *per stirpes.* Part of the property is personalty. Under well-known rules of construction 'heirs,' as to personalty, means those who would take under the statute of distribution."

*Mr. Charles B. Brady,* for the appellants.

*Mr. Marshall Miller,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Buchanan.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.